# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CREATIV PULTRUSIONS, INC., | ) | Case No. 3:18-cv-256 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| COOPER B-LINE, INC., *d/b/a* EATON B-LINE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Before the Court is the Motion to Stay Discovery (ECF No. 43) of Defendant Cooper B-Line, Inc., doing business as Eaton B-Line ("Defendant"). The Motion is fully briefed (ECF Nos. 44, 46, 50), and the Court held oral argument on the Motion on August 19, 2019. The Motion is now ripe for disposition.

For the reasons that follow, Defendant's Motion to Stay Discovery is **DENIED**.

### II. Subject-Matter Jurisdiction and Venue

The Court has diversity jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff Creativ Pultrusions, Inc. ("Plaintiff") is a citizen of a different state than Defendant, and the amount in controversy exceeds $75,000. (ECF No. 1-1 ¶¶ 2-3, 40; ECF No. 4 ¶¶ 2-3.)

Because this case was originally filed in the Court of Common Pleas of Bedford County, Pennsylvania, venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441(a). *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (explaining that the proper

1

venue of a removed action is "the district court of the United States for the district and division embracing the place where such [removed] action is pending").

## III. Background[1]

According to its Complaint, Plaintiff is a manufacturer of fiberglass-reinforced polymer pultrusion products. (ECF No. 1-1 ¶ 7.) Among other products, Plaintiff manufactures certain cable-tray and strut products (the "Products") that are designed by Defendant and supplied to Defendant for marketing and sale. (*Id.*)

In June 1998, Plaintiff entered into a Partnership Agreement with Defendant for the manufacture, marketing, and sale of the Products. (*Id.* ¶ 8.) Under the Partnership Agreement, Plaintiff is the exclusive manufacturer of the Products, and Defendant has exclusive marketing rights to the Products. (*Id.* ¶ 9.) Further, the Partnership Agreement requires Plaintiff to provide the Products to the partnership at its cost and requires Defendant to design and market the Products for the partnership at its cost. (*Id.* ¶ 10.) Pursuant to the Agreement, Plaintiff and Defendant are to divide the net earnings of the partnership on a 50/50 basis at the end of each month. (*Id.*)

From June 1998 through December 2017, the parties performed in accordance with the Partnership Agreement. (*Id.* ¶ 12.) However, in December 2017, Defendant entered into an agreement with someone other than Plaintiff to source the Products, which Plaintiff alleges violated the exclusivity provisions of the Partnership Agreement. (*Id.* ¶ 16.) Defendant ceased requesting the Products from Plaintiff for Defendant to market and sell, and Plaintiff was left with

---

[1] The factual allegations in this section are taken from Plaintiff's Complaint (ECF No. 1-1) unless otherwise noted.

2

hardware inventory in its possession that was not requested by Defendant. (*Id.*)

On April 26, 2018, Defendant sent a notice to Plaintiff that it was terminating a different agreement between the parties—the Private Labeling Agreement, which was dated May 1, 2005. (*Id.* ¶ 17.) Plaintiff claims that the Private Labeling Agreement is a contract between Plaintiff and Defendant that is distinct from the Partnership Agreement and that gave Plaintiff the right to market and sell certain of Products to customers. (*Id.*) Plaintiff asserts that Defendant's attempt to cancel the Private Labeling Agreement did not cancel the Partnership Agreement. (*Id.* ¶ 18.) Accordingly, Plaintiff claims that the Partnership Agreement is still effective and that Defendant has failed to comply with the terms of the Agreement. (*Id.* ¶ 21.)

On November 19, 2018, Plaintiff filed its Complaint (ECF No. 1-1) in the Court of Common Pleas of Bedford County, Pennsylvania. In the Complaint, Plaintiff brought three claims for relief: (1) a declaratory judgment claim seeking a declaration that the Partnership Agreement is in effect and enforceable through at least June 30, 2022, and that the parties are required to perform according to its terms through at least that date (*id.* ¶ 35); (2) a breach-of-contract claim for breach of the Partnership Agreement (*id.* ¶¶ 37-40); and (3) an unjust-enrichment claim for Defendant's receipt of benefits due to other parties supplying Defendant with the Products and Defendant failing to provide Plaintiff with fifty percent of the profits from those sales (*id.* ¶¶ 42-44).

Defendant filed its Answer, Affirmative Defenses, and Counterclaim (ECF No. 4) on December 20, 2018. Defendant brought the following four counterclaims: (1) a breach-of-contract counterclaim based on Plaintiff's alleged breach of the Private Labeling Agreement (*id.* ¶¶ 39-49); (2) an unjust-enrichment counterclaim for the proceeds that Plaintiff received from Defendant that were improperly based on Plaintiff's inflated costs for the production of the Products (*id.* ¶¶

3

50-56); (3) a counterclaim for conversion due to Plaintiff's failure to return the tooling for cable-tray products to Defendant when Defendant terminated the Private Labeling Agreement (*id.* ¶¶ 58-66); and (4) a declaratory judgment claim seeking a declaration that the Private Labeling Agreement replaced the Partnership Agreement, thereby discharging the promises, duties, and obligations under the Partnership Agreement (*id.* ¶¶ 68-73).

Then, on June 20, 2019, Defendant filed a Motion for Partial Judgment on the Pleadings (ECF No. 41). In its Motion, Defendant requests that the Court dismiss Plaintiff's declaratory judgment claim and grant Defendant's declaratory judgment counterclaim. (*Id.* at 1.) Defendant asserts that because the Partnership Agreement and the Private Labeling Agreement concerned the manufacture, marketing, and sale of the same products, the Private Labeling Agreement superseded the Partnership Agreement. (*Id.* at 1-2.)

Also on June 20, 2019, Defendant filed the present Motion to Stay Discovery (ECF No. 43) and corresponding Brief in Support (ECF No. 44). In its Motion and Brief, Defendant argues that discovery should be stayed pending the Court's resolution of the Motion for Partial Judgment on the Pleadings for two reasons. First, Defendant asserts that the Motion for Partial Judgment on the Pleadings is dispositive and, if granted, will eliminate the need for expensive discovery. (*Id.* 1.) Second, even if the Motion is not fully granted, the Court's ruling on the Motion will impact the parameters of discovery. (*Id.*)

In response, Plaintiff filed a Memorandum in Opposition to Defendant's Motion to Stay Discovery (ECF No. 46). Plaintiff argues that Defendant failed to show good cause to stay discovery because (1) Defendant's Motion for Partial Judgment on the Pleadings is a partial

4

motion that is not dispositive; and (2) Defendant has not explained how the Court's ruling on the Motion will narrow and clarify the scope of discovery. (*Id.* at 1-2.)

Defendant filed a Reply (ECF No. 50) on July 30, 2019. In its Reply, Defendant explains that if the Court grants the relief Defendant seeks through its Motion for Partial Judgment on the Pleadings—a declaration that the Private Labeling Agreement superseded the Partnership Agreement—Plaintiff's breach-of-contract claim and unjust-enrichment claim, both of which are based on the assumption that the Partnership Agreement is operative, cannot survive. (*Id.* at 1-2.) Defendant also cites to "Circuit precedent holding that staying discovery is within the trial court's discretion and entirely appropriate pending resolution of dispositive motions that may result in the narrowing or outright elimination of discovery." (*Id.* at 1.)

The Court held an oral argument on the Motion to Stay Discovery on August 19, 2019.

## IV. Legal Standard

"[D]istrict courts possess broad discretion to manage discovery." *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995); *see In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001); *N. Am. Commc'ns, Inc. v. InfoPrint Sols. Co., LLC*, Civil Action No. 3:08-288, 2011 WL 4571727, at *2 (W.D. Pa. July 13, 2011) (Gibson, J.). "Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Coca-Cola Bottling Co. of Lehigh Valley v. Grol*, Civ. A. No. 92-7061, 1993 WL 13139559, at *2 (E.D. Pa. Mar. 8, 1993). For this reason, the Practices and Procedures of Judge Kim R. Gibson specify that "[a] stay [of discovery] may be sought by motion and will be granted only upon a showing of good cause." Practices and Procedures of Judge Kim R. Gibson at Part

5

II.B.4, http://www.pawd.uscourts.gov/sites/pawd/files/JG-Practices-Procedures.pdf (revised Aug. 23, 2017).

"In certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss[2] where, if the motion is granted, discovery would be futile." *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010); *see Pfizer Inc. v. Johnson & Johnson*, CIVIL ACTION No. 17-cv-4180, 2018 WL 1071932, at *2 (E.D. Pa. Feb. 27, 2018) ("[T]he Motion does have the potential to dispose of the entire case and eliminate the need for discovery. In such a case, the balance will generally lean in favor of staying discovery."). However, "[r]equests to stay discovery are rarely appropriate where resolution of the motion to dismiss will not dispose of the entire case." *Coca-Cola Bottling Co.*, 1993 WL 13139559, at *2.

When considering such a motion, the court should balance the benefits and harms that would result to each party from the grant or denial of a stay. *19th St. Baptist Church v. St. Peters Episcopal Church*, 190 F.R.D. 345, 349 (E.D. Pa. Jan. 4, 2000).

## V. Discussion

Under the circumstances of this case, the Court finds that a stay of discovery is inappropriate.

Unlike the motions in most of the case law to which Defendant cites, the Motion for Partial Judgment on the Pleadings in this case is not dispositive. The Motion only seeks judgment on one of Plaintiff's three claims and one of Defendant's four counterclaims, leaving five claims that will clearly survive the Motion even if the Court grants it in its entirety.

---

[2] A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is evaluated under the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 146-47 (3d Cir. 2013).

Defendant argues that if the Court grants judgment on its declaratory judgment counterclaim—which seeks a declaration that the Private Labeling Agreement superseded the Partnership Agreement—Plaintiff's breach-of-contract and unjust-enrichment claims, which are based on the Partnership Agreement, will not survive. (ECF No. 50 at 2.) The Court finds this argument unpersuasive. Defendant did not move for judgment on the pleadings on Plaintiff's breach-of-contract and unjust-enrichment claims, so these claims will necessarily survive the Motion for Partial Judgment on the Pleadings. Further, Defendant brings three other counterclaims that will presumably not be implicated by a ruling on the Motion for Partial Judgment on the Pleadings. Thus, Defendant's repeated assertions that its Motion is "dispositive" is inaccurate. Because Defendant's Motion is not dispositive, the Court finds the request to stay discovery inappropriate. *See Coca-Cola Bottling Co.*, 1993 WL 13139559, at *2. Granting Defendant's Motion to Stay Discovery under these circumstances would suggest that any time a motion to dismiss or motion for judgment on the pleadings is filed—even if that motion is not dispositive—discovery should be stayed. Such a practice would be a dereliction of the Court's duty to manage discovery and to ensure that cases proceed at a reasonable pace. *See id.*

Defendant further contends that the Motion will at least narrow the issues on which discovery is necessary and that proceeding with discovery pending the resolution of the Motion will result in significant unnecessary expense and effort. Assuming Defendant's assertion is true—although Defendant has not provided specific arguments or evidence in support of its assertion—the Court finds that the balance weighs in Plaintiff's favor. Staying discovery would harm Plaintiff because Plaintiff would be unable to proceed in its defense on the claims that undisputedly will survive the Motion for Partial Judgment on the Pleadings.

## VI. Conclusion

Based on the foregoing, the Court will **DENY** Defendant's Motion to Stay Discovery (ECF No. 43).

A corresponding order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CREATIV PULTRUSIONS, INC., | ) | Case No. 3:18-cv-256 |
|---|---|---|
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| COOPER B-LINE, INC., d/b/a EATON B-LINE, | ) | |
| Defendant. | ) | |

<u>ORDER</u>

AND NOW, this 26th day of August, 2019, upon consideration of Defendant Cooper B-Line, Inc., d/b/a Eaton B-Line's Motion to Stay Discovery (ECF No. 43), and for the reasons stated in the Memorandum Opinion accompanying this Order, it is **HEREBY ORDERED** that Defendant's Motion is **DENIED**.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE